**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-4094**

———————————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

MARVIN L. BINION,

        Defendant – Appellant.

———————————

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Chief District Judge. (8:09-cr-00160-DKC-1)

———————————

Submitted: November 8, 2010      Decided: November 30, 2010

———————————

Before KING, GREGORY, and SHEDD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Jonathan Zucker, LAW OFFICE OF JONATHAN ZUCKER, Washington, D.C., for Appellant. Rod J. Rosenstein, United States Attorney, Bryan E. Foreman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Marvin Binion of two counts of making false statements under oath, in violation of 18 U.S.C. § 1623 (2006). He was sentenced to concurrent twenty-one-month terms. He now appeals, contending that the evidence was insufficient to convict him on Count Two, which related to a statement Binion made under oath concerning a Bentley he had owned. We affirm.

When a defendant challenges the sufficiency of the evidence, we consider whether the evidence, when viewed in the light most favorable to the Government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Cameron, 573 F.3d 179, 183 (4th Cir. 2009). We must sustain a verdict supported by substantial evidence. Glasser, 315 U.S. at 80. We do not review the credibility of witnesses, and we assume the jury resolved all contradictions in the testimony in favor of the Government. United States v. Sun, 278 F.3d 302, 312 (4th Cir. 2002).

At his sentencing in a separate criminal matter, there was a discussion about Binion's assets, including several vehicles that he had not included when completing a personal financial statement form. Binion's attorney informed the court that Binion had sold the Bentley in the previous two months so

2

that he would have money for living expenses. Binion, who was under oath, then stated, "I needed the money, so a friend of mine loaned me the money. I gave him the car and that was several months ago, and that's the money I lived off." Count Two charged that Binion knew this statement to be false because Binion had sold the vehicle for $68,000 just eight days prior to the hearing, and the proceeds from the sale had not been used for his living expenses during the previous months.

We conclude that the evidence was sufficient to convict Binion on Count Two. The evidence, especially the testimony of his probation officer, established Binion's propensity to conceal and misrepresent his assets in an apparent effort to avoid a fine in the separate criminal matter. The jury could have concluded that the unsubstantiated story about a loan from an unidentified friend was but another in a series of lies about his finances.

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED